UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDON COOPER,

                    Plaintiff,

    v.

SUE BAUER, *et al.*,

                    Defendants.

No. C09-5777 BHS/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: April 2, 2010**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

It has been more than sixty days since the Court's latest mailings to Plaintiff were returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

*DISCUSSION*

On December 16, 2009, the Plaintiff filed a proposed civil rights complaint, but failed to pay the filing fee of $350.00 or submit an application to proceed *in forma pauperis.* Dkt. 1. On December 21, 2009, the Clerk sent a letter to Plaintiff directing him to file an application or pay the filing fee on or before January 20, 2010. Dkt. 2. On December 21, 2009, the court received Plaintiff's trust account statement at the Cowlitz County Jail. Dkt. 3. On January 4, 2010, the

REPORT AND RECOMMENDATION - 1

Clerk's letter (Dkt. 2) to Plaintiff was returned to the court, marked "Return to Sender Not Deliverable as Addressed, Unable to Forward." Dkt. 4.

Plaintiff has not notified the Court of his current address.

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

*CONCLUSION*

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 2, 2010**, as noted in the caption.

DATED this 8th day of March, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2